ABELSON HERRON HALPERN LLP
   Marc D. Halpern (State Bar No. 216426)
   Vincent H. Herron (State Bar No. 172290)
   Anthony J. Matera (State Bar No. 216480)
600 West Broadway, Suite 1060
San Diego, California 92101
Telephone: (619) 618-7000
Facsimile: (619) 618-7001
mhalpern@abelsonherron.com
vherron@abelsonherron.com
amatera@abelsonherron.com

Attorneys for Plaintiff
MILLENNIUM LABORATORIES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARWIN SELECT INSURANCE COMPANY; <br><br> Defendant. | CASE NO. '14CV0295 H     BLM <br><br> **COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> <u>**Jury Trial Demanded**</u> |

Plaintiff Millennium Laboratories, Inc. ("Millennium") for its Complaint against Defendant Darwin Select Insurance Company ("Darwin") alleges as follows:

## SUMMARY

1. Darwin issued an insurance policy to Millennium and has acknowledged that its defense coverage obligations under that policy were triggered by an underlying action filed against Millennium. The acknowledgement was issued under alleged reservation of rights, and promised that Darwin would fund Millennium's defense. Since then, Millennium has been submitting defense invoices to Darwin for the reimbursement that was promised (and is required by the policy). After issuing



COMPLAINT

reimbursement payments to Millennium for the first few submissions of invoices, without explanation Darwin stopped issuing any payments. Many months have now passed and Darwin has still failed to pay all but a small portion of the defense costs due. Meanwhile, Millennium's repeated inquiries with Defendants and demands for payment have simply been ignored. Thus, Millennium has been forced to file this lawsuit to enforce Darwin's defense coverage obligations.

## THE PARTIES

2. Plaintiff Millennium Laboratories, Inc. is organized and existing under the laws of California, with principal offices located at 16981 Via Tazon, San Diego, California.

3. Plaintiff is informed and believes, and based thereon alleges, that Darwin is, and at all times relevant hereto was, incorporated under the laws of Arkansas and is headquartered in Farmington, Connecticut. Plaintiff also is informed and believes and based thereon alleges that Darwin is a commercial insurance company that does business throughout the United States, including in California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all pertinent times Darwin was doing business within San Diego County, California and was issuing policies covering activities within San Diego, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the total amount in controversy exceeds $75,000, exclusive of costs.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. As part of its overall business strategy and focus on good governance, Millennium has developed and maintained a comprehensive risk management program to protect itself against unanticipated exposures and losses. A key component of Millennium's risk strategy has been liability insurance. Millennium



2

COMPLAINT

1  has paid significant amounts in premiums to secure coverage for the liabilities it
2  may face as a company doing business in the high-risk healthcare industry.

3       **A.     Darwin's Insurance Policy**

4  8.     Darwin issued to Millennium an insurance policy entitled "Miscellaneous
5  Medical Facilities Professional, Employment Practices and General Liability
6  Insurance Policy" with policy number 0305-0307 for the time period of at least
7  December 1, 2011, to December 1, 2012 (the "Darwin Policy"). A true and correct
8  copy of the Darwin Policy is attached hereto as **<u>Exhibit A</u>** and is fully incorporated
9  by reference herein.

10 9.     Millennium has fulfilled all relevant conditions, covenants and obligations
11 under the Darwin Policy, including payment of all premiums due.

12 10.    The Darwin Policy requires Darwin to defend Millennium against any claim
13 that potentially triggers coverage under the policy, "even if the allegations of the
14 Claim are groundless, false, or fraudulent."

15 11.    Darwin's obligation to defend and to pay defense and supplemental
16 expenses on Millennium's behalf is in addition to, and does not impair or exhaust,
17 the limits of liability stated in the Darwin Policy. In insurance parlance it provides
18 defense coverage "outside" of the policy limits (unless the policy limits have
19 already been exhausted by indemnity coverage payments).

20 12.    Millennium is informed and believes, and thereon alleges, that the limits of
21 liability of the Darwin Policy have never been exhausted and, in all events, were
22 not exhausted at the time that Millennium requested a defense for the underlying
23 actions at issue.

24 13.    The Darwin Policy is an enforceable contract.

25      **B.     The Underlying Action And Request For Defense Coverage**

26 14.    On or about June 18, 2012, Kelly Nelson ("Nelson") filed a lawsuit against
27 Millennium and a Millennium employee, Jason Bristol, in a lawsuit captioned
28 *Kelly Nelson v. Millennium Laboratories, et al.*, case no. 12-cv-1301, United States



COMPLAINT

District Court for the District of Arizona (the "Nelson Lawsuit").

15.     Millennium, through its broker, wrote to Darwin to request acknowledgement and payment of defense coverage for the Nelson Lawsuit under the Darwin Policy.

16.     On November 20, 2012, Darwin and its affiliate Allied World Assurance Company (U.S.) Inc. ("AWAC") responded to Millennium by letter.  Darwin initially denied any coverage obligations pursuant to the Darwin Policy, claiming certain exclusions applied to bar coverage.

17.     On May 16, 2013, counsel for Millennium challenged Darwin's coverage denial by letter, and demanded that Darwin reconsider its defense coverage obligations.

18.     On July 29, 2013, Darwin acknowledged its defense obligations for the Nelson Lawsuit under the Darwin Policy, starting from the inception of the Nelson Lawsuit.

19.     Millennium retained defense counsel and has incurred very significant attorneys' fees and expenses in defense of the Nelson Lawsuit.

20.     Starting on January 4, 2013, on ten separate occasions Millennium has submitted defense costs invoices from the Nelson Lawsuit to Darwin for reimbursement.

21.     Once the retention in the Darwin Policy was exhausted, Darwin started issuing reimbursement payments for some of the submitted defense costs. Millennium continues to incur defense costs because the Nelson Lawsuit is still pending and the defense is on-going.

22.     However, the last defense payment for the Nelson Lawsuit was issued by Darwin on October 18, 2013, pertaining to an invoices submission on August 1, 2013.  There was a subsequent submission of invoices on August 29, 2013, and many invoices submitted thereafter.  Darwin has not even responded to, let alone paid, any of those submissions.



COMPLAINT

1  23.     As a result, Millennium has not received any reimbursement for the
2  numerous defense costs invoices submitted to Darwin over the last 5 months.
3  24.     On multiple occasions Millennium, through counsel, has followed up on
4  Millennium's invoice submissions, inquiring as to the status of payment from
5  Darwin.  Darwin did not provide any substantive response to these inquiries.
6  25.     To date, Darwin has reimbursed only a small portion of the reasonable and
7  necessary defense costs Millennium has incurred and submitted to Darwin for the
8  Nelson Lawsuit.  The amount of Millennium's unreimbursed defense expenses far
9  exceeds this court's jurisdictional minimum of $75,000.

## FIRST CAUSE OF ACTION

**(Breach of Contract: Payment of Defense Coverage)**

12  26.     Millennium incorporates and realleges the allegations of Paragraphs 1
13  through 25 above, as though fully set forth herein.
14  27.     Millennium has satisfied all conditions for coverage under the Darwin
15  Policy, and has incurred defense costs in the Nelson Lawsuit that exceed any
16  applicable deductible or retention in the Darwin Policy.
17  28.     Darwin has breached its defense obligations under the Darwin Policy and its
18  obligations pursuant to its July 29, 2013 letter to Millennium, by failing to timely
19  or fully reimburse Millennium's defense costs from the Nelson Lawsuit.
20  29.     As a direct and proximate result of Darwin's breach of its obligations with
21  respect to Millennium's defense in the Nelson Lawsuit, Millennium has sustained
22  substantial losses, including the fees and expenses charged by defense counsel that
23  Millennium has incurred in the Nelson Lawsuit, and interest thereon.

## SECOND CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

26  30.     Millennium incorporates and realleges the allegations of Paragraphs 1
27  through 29 above, as though fully set forth herein.



COMPLAINT

1  31.    Having acknowledged its defense obligations with respect to the Nelson
2  Lawsuit, Darwin has acted without reasonable cause or excuse in failing to
3  reimburse Millennium for the defense invoices it submitted.
4  32.    In addition, Darwin breached the covenant of good faith and fair dealing
5  implied in its policy by essentially ignoring Millennium's repeated attempts to
6  obtain prompt payment of the owed defense costs.  After making some initial
7  payments, Darwin subsequently chose to ignore its further payment obligations,
8  without grounds or excuse, and without even so much as informing Millennium of
9  its plans.  As a result, Millennium has received only a small portion of owed
10  defense coverage from Darwin, and has been forced to sue in order to obtain the
11  majority of defense costs for the Nelson Lawsuit that are past due and owing.
12  Furthermore, even the few payments that Darwin did make were not timely, with
13  Darwin taking multiple months to respond and issue payment.  In short, despite
14  Darwin's obligations and promises to provide an immediate and complete defense
15  coverage, Darwin's acknowledgement of those obligations were just hollow words,
16  and instead Millennium was all but abandoned by its insurer to fend for itself in the
17  defense of the Nelson Lawsuit.  In so doing, Darwin improperly and unreasonably
18  placed its own financial interests ahead of the interests of the policyholder and its
19  obligations to the policyholder.
20  33.    As a proximate result of Darwin's misconduct, Millennium has been
21  damaged as heretofore alleged, and has incurred substantial additional costs,
22  including but not limited to its attorneys' fees, expenses and costs incurred in
23  seeking to mitigate and remedy Darwin's breach of its defense payment obligations
24  with respect to the Nelson Lawsuit.  The full amount of such damages will be
25  proven at trial.
26  34.    As alleged herein, and especially as reflected by (1) Darwin's broken
27  acknowledgement of defense coverage and agreement to pay and (2) Darwin's
28  likely use of non-payment as retribution for Millennium's efforts to obtain



COMPLAINT

coverage from Darwin and its affiliate AWAC in other non-related matters, Darwin's conduct with respect to Millennium was in willful and conscious disregard of Millennium's rights and was undertaken with the intent to oppress and cause injury to Millennium.  Consequently, Millennium is entitled to recover, in addition to actual damages, punitive damages both to punish Darwin for its transgressions and to deter others from engaging in similar wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Millennium prays for judgment against Darwin as follows:

**On the First Cause of Action**:

1. Ordering and declaring that Darwin has an obligation to pay Millennium's defense costs for the Nelson Lawsuit and has breached that obligation;

2. For a damages award of all of Millennium's unreimbursed defense costs for the Nelson Lawsuit, and interest thereon;

3. For an order requiring Darwin to pay Millennium's future defense costs within 30 days of submission to Darwin, with interest accruing thereafter;

4. For costs of this suit; and

5. For such other and further relief as the Court deems just and proper.

**On the Second Cause of Action**:

1. Ordering and declaring that Darwin breached the covenant of good faith and fair dealing in the Darwin Policy;

2. For a damages award of Millennium's attorneys' fees, costs and expenses in this coverage lawsuit and any other legal fees and expenses incurred in obtaining defense payments from Darwin in the Nelson Lawsuit, plus interest, and all exemplary, punitive, consequential and/or extra-contractual damages available under California law as relief for Darwin's unreasonable conduct and failure to act in good faith; and

3. For such other and further relief as the Court deems just and proper.



7

COMPLAINT

Dated:  February 7, 2014         ABELSON HERRON HALPERN LLP
                                         Marc D. Halpern
                                         Vincent H. Herron
                                         Anthony J. Matera

                                 By s/ Marc D. Halpern_____
                                         Marc D. Halpern
                                 Attorneys for Plaintiff
                                 MILLENNIUM LABORATORIES, INC.



COMPLAINT

8