UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARWIN SELECT INSURANCE CO., <br><br> Defendant. | Civil No.   14cv295  BAS (JLB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DARWIN'S MOTION TO COMPEL TESTIMONY AND OVERRULE OBJECTIONS** <br><br> **[ECF No. 45]** |

Presently before the Court is Defendant Darwin's motion to compel testimony and overrule objections. (ECF No. 45.) Plaintiff filed a response in opposition on November 14, 2014 (ECF No. 46), and Defendant Darwin filed a reply on November 17, 2014. (ECF No. 47.) After reviewing the motion and the response in opposition, the Court ordered Plaintiff to file a supplemental declaration and to attach an amended response to Defendant Darwin's Notice of Deposition of Millennium Laboratories, Inc. (ECF No. 50.) Having reviewed the papers before the Court, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

Defendant moves the Court to overrule Plaintiff's General Objection 7, which Defendant describes as an objection "to the entire Deposition Notice." (ECF No. 45-1 at 3.) On the contrary, Plaintiff's General Objection 7 objects to the notice "*to the extent* that the discovery sought is potentially prejudicial to Millennium's defense of its underlying

claims." (ECF No 45-2 at 7, emphasis added.) Because Plaintiff has not yet objected to any specific questions, the Court does not have sufficient information to rule on the objection. Therefore, Defendant's motion to overrule General Objection 7 is **DENIED AS PREMATURE**.

Defendant also seeks a court order overruling Plaintiff's General Objection 9, in which Plaintiff objects to the entire Notice on the basis that it is premature. Plaintiff puts forth two reasons why proceeding with the deposition is premature: (1) document discovery is not complete because Plaintiff is seeking to modify a protective order in the underlying lawsuit; and (2) Plaintiff had a pending motion to add the Zicari Lawsuit to the instant matter. (ECF No. 45-2 at 7.) On December 17, 2014, the joint motion to amend the complaint to add the Zicari lawsuit was granted. (*See* ECF No. 69.) Plaintiff has failed to establish that the status of document discovery is a sufficient reason to forestall the noticed deposition indefinitely. Accordingly, Defendant's motion to overrule General Objection 9, to the extent it objects to the Notice in its entirety, is **GRANTED**. The Court does not address the language of General Objection 9 purporting to limit the length of the deposition, as that objection is not ripe, and may have been rendered moot by the Court's December 17, 2014 Order granting the parties' joint motion to amend the complaint. (ECF No. 69.)

With respect to Topic 3, Plaintiff provided an amended response in which it agreed to designate and produce a witness to testify to "Millennium's business relationship generally and with regard to Millennium's claims concerning the Nelson Lawsuit." Plaintiff further agreed to produce a witness as to the Zicari and Millennium v. Nelson lawsuits, provided those lawsuits are added to the instant litigation. In light of the Court's Order granting the joint motion to amend the complaint and add the Zicari Lawsuit and the Nelson Counterclaims (ECF No. 69), Defendant's motion to compel as to Topic 3 is **DENIED AS MOOT**.

//
//
//

To the extent that Defendant's Motion seeks a court order compelling Plaintiff to designate a witness as to noticed Topics 10-13, 17, and 20, the Motion is **DENIED AS MOOT**. Plaintiff's amended response to Defendant Darwin's Notice of Deposition reflects that Plaintiff has agreed to designate a witness on each noticed topic. (*See* ECF No. 52-1.)

As to Topic 16, the Court finds that Plaintiff's limitation in its amended response is appropriate, and Defendant's motion to compel Plaintiff to designate a witness as to the full extent of Topic 16 as defined by Defendant is **DENIED**. As to Topics 30-32, Defendant has failed to meet its burden to support the motion to compel Plaintiff to designate and produce a witness to testify beyond the topic Plaintiff has agreed to in its amended response. Defendant's motion to compel Plaintiff to designate a witness as to the full extent of Topics 30-32 as defined by Defendant is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 18, 2014

*[signature]*
**JILL L. BURKHARDT
United States Magistrate Judge**