**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARWIN SELECT INSURANCE COMPANY, <br><br> Defendant. | Case No. 14-cv-00295-BAS(JLB) <br><br> **ORDER DENYING WITHOUT PREJUDICE *EX PARTE* APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL** <br><br> (ECF No. 101) |
| AND RELATED COUNTERCLAIMS | |

Presently before the Court is an *ex parte* application to file certain documents under seal filed by intervenor and counter-claimant Allied World Assurance Company (U.S.) Inc. ("AWAC") and defendant and counter-claimant Darwin Select Insurance Company ("Darwin") (collectively, the "Insurers"). (ECF No. 101.) In their application, the Insurers represent that Plaintiff and counter-defendant Millennium Laboratories, Inc. ("Millennium") will not oppose this request and no opposition was filed. (*Id.* at p. 1.) For the reasons set forth below, the Court **DENIES** the *ex parte* application **WITHOUT PREJUDICE**.

## I. LEGAL STANDARD

Two standards generally govern motions to seal documents, the "good cause" standard and the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The "'compelling reasons' standard applies to most judicial records." *Id.* at 677-78.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption by meeting the "compelling reasons" standard. *Id.* at 1178. "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal citations and quotations omitted).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

Records attached to non-dispositive motions, however, are not subject to the strong presumption of access. *Kamakana*, 447 F.3d at 1179; *see also Pintos*, 565 F.3d at 678-79. Because the documents attached to non-dispositive motions "are

often unrelated, or only tangentially related, to the underlying cause of action," a party moving to seal need only meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* (internal quotations omitted). The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakan*a, 447 F.3d at 1180 (requiring a "particularized showing" of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus., Inc.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. DISCUSSION

On September 18, 2014, the Court granted the parties' joint motion for entry of an Amended Confidentiality Agreement and Protective Order ("Protective Order"), which is intended to "govern the production of confidential information in this matter." (ECF No. 39 at p. 2.) Pursuant to the Protective Order, the Insurers now seek to file under seal the following documents in connection with their opposition to Millennium's motion to dismiss (ECF No. 84):

1. An unredacted version of the Insurers' Memorandum of Points and Authorities in Opposition to Millennium's Motion to Dismiss AWAC's Counterclaims for Lack of Subject Matter Jurisdiction;

2. An unredacted version of the Declaration of Phillip E. Wilson, Jr. in Support of Opposition to Millennium's Motion to Dismiss AWAC's

                Counterclaims for Lack of Subject Matter Jurisdiction; and

    3.    Exhibits A-H to the Declaration of Phillip E. Wilson, Jr. in Support of Opposition to Millennium's Motion to Dismiss AWAC's Counterclaims for Lack of Subject Matter Jurisdiction.

(*See* ECF No. 101-1 at p. 1.)  The Insurers argue these documents contain information the parties have designated as "confidential" pursuant to the Protective Order and that "good cause" exists to file them under seal. (*Id.*)  However, motions to dismiss are treated as dispositive, and therefore the Insurers must meet the compelling reasons standard.  *See In re PPA Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006).

The Insurers argue the lodged documents should be sealed because they "comprise and reference documents and information that have been designated 'Protected Information' by Millennium and/or the Insurers under the terms of th[e] [P]rotective [O]rder.  Specifically, the documents contain confidential, non-public information regarding the underlying actions, as well as confidential correspondence between the parties regarding those actions and Millennium's claims for coverage." (ECF No. 101-1 at pp. 2-3.)

While it may be appropriate to seal some of the documents the Insurers seek to seal, the Court finds the Insurers have, at this time, failed to make the requisite showing overcoming the strong presumption of access.  Neither a blanket protective order, such as the one entered in this matter, nor "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," is sufficient to satisfy the good cause standard, much less the compelling reasons standard.  *See Beckman Indus., Inc.*, 966 F.2d at 476 (internal quotation marks and citation omitted); *Foltz*, 331 F.3d at 1133. Accordingly, the Insurers' *ex parte* application is **DENIED WITHOUT PREJUDICE**.

///

///

### III. CONCLUSION & ORDER

For the foregoing reasons, the Insurers' *ex parte* application to file certain documents under seal is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: May 20, 2015

Hon. Cynthia Bashant
United States District Judge